PEOPLE'S NAT. BANK OF CHARLESTON *v.* EPSTIN *et al.*

*(Circuit Court, D. South Carolina.* November 14, 1890.)

1. WIFE'S POWER TO CHARGE HER SEPARATE ESTATE—MORTGAGES.
   A mortgage of her separate estate, given by a married woman to secure the payment of her husband's debts to the mortgagee, is invalid in South Carolina.

2. SAME—SUBROGATION.
   Where, however, a part of the money obtained by such mortgage is used to pay off a prior valid mortgage on the estate, the second mortgagee will be subrogated to the rights of the mortgagee under the prior mortgage, and to that extent may enforce his mortgage.

In Equity. On bill to foreclose mortgage.
*Samuel W. Melton* and *John Wingate,* for complainant.
*J. N. Nathans,* for defendants.

BOND, J. This bill was filed by the People's National Bank of Charleston, S. C., against David Epstin and Isabella Epstin, his wife, citizens of the state of Tennessee, to foreclose a mortgage given by the wife on her separate and individual property, to secure a loan made by the complainant to Isabella Epstin, amounting to $3,200, with interest from the 14th day of December, 1886. The answer of the defendant Isabella Epstin, the husband having died, admits the making of the deed of mortgage set out in the bill upon her own separate estate described therein; but she alleges that at the time of the making thereof her husband and co-defendant, David Epstin, was indebted to the complainant in the sum of $1,357.05 on a protested bill of exchange, dated the 21st day of May, 1886, drawn by David Epstin on Philip Epstin, in favor of one Kirk Robinson, and indorsed by him to complainant, and that her said husband was likewise indebted to the Central National Bank of Columbia on the 14th of June, 1886, in the sum of $1,193.85, upon a draft drawn by David Epstin on Philip Epstin, in favor of Kirk Robinson, and indorsed by Robinson to said Central National Bank of Columbia. The answer alleges that the indebtedness and the method of it were known to complainant. A part of the sum of money obtained from the complainant bank was applied to the payment of an antecedent mortgage, created

by the defendant in behalf of her own estate, that there might be no lien on the wife's estate, having priority over the mortgage to the complainant bank.

We think the proof clearly establishes the fact that the transaction of the defendant with the complainant bank was a payment of the husband's debt to it and to the Central National Bank of Columbia, and not a purchase of either bank's claim against the husband; that the money loaned never came into the actual possession of the defendant wife, and that she never had any possession of it for any purpose but to pay his indebtedness to the banks. It appears, also, we think, from the evidence, that the complainant had every reason to know, and did know, if it was not willingly ignorant, that this was the purpose the defendant had in view in mortgaging her separate estate. It also appears that the loan for which the mortgage was given was not made for any purpose relating to the defendant Isabella's separate estate, except so far as it was used to lift a prior mortgage thereon, which prior mortgage is not assailed in these proceedings. These being the facts, there is no difficulty about the law relating to them. The supreme court of South Carolina has so frequently construed its statutes respecting the powers of a married woman over her separate estate that we cannot be at any loss in determining what powers she has. Even so recently as June 30, 1890, in *Salinas* v. *Turner*, 11 S. E. Rep. 702, a case quite similar to the present one, it was held, as it had been by that court more than a score of times before, that a married woman in South Carolina cannot charge her separate estate for the benefit of her husband, and in that case the learned judge who delivered the opinion made some very healthy remarks, which are worthy of attention from all parties who attempt to do by indirection what the law forbids them to do directly. This court is bound to follow the decisions of the supreme court of a state in its construction of its statutes establishing a rule of property therein.

It appears, however, that a prior mortgage given by the defendant to one Stanley was paid out of the loan obtained from the complainant. Those that ask equity must do equity, and, while the defendant must not be held to pay out of her separate estate any of the indebtedness of the husband to the complainant, the complainant will be subrogated to the rights of the mortgagee under the prior mortgage, and the case will be referred to a master, to ascertain how much is due from the defendant upon that mortgage, and a decree will be given for that amount, each party hereto paying its own costs.